**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 10-**_____ |
| v. | : | **DATE FILED:** May 20, 2010 |
| **BONNIE SWEETEN,** | : | **VIOLATIONS:** |
| a/k/a "Bonnie Siner," | | 18 U.S.C. §§ 1343, 1349 (wire fraud - 14 counts) |
| a/k/a "Bonnie Rakoczy" | : | 18 U.S.C. § 1341 (mail fraud - 1 count) |
| | | 18 U.S.C. § 1543 (use of a forged or altered |
| | : | United States passport - 1 count) |
| | | 18 U.S.C. § 1544 (misuse of passport - 1 count) |
| | : | 18 U.S.C. § 1028A(a)(1) (aggravated identity theft - 2 counts) |
| | : | 18 U.S.C. § 1344 (bank fraud - 1 count) |
| | | 18 U.S.C. § 1001(a) (false statement to a federal |
| | : | official - 1 count) |
| | | 18 U.S.C. § 1956(a)(1)(B)(i) (money laundering |
| | : | – 1 count) |
| | | 18 U.S.C. § 1957(a) (engaging in monetary |
| | : | transactions in the proceeds of fraud – 1 count) |
| | | 18 U.S.C. § 2 (aiding and abetting) |
| | : | Notice of forfeiture |

**I N D I C T M E N T**

**COUNTS ONE THROUGH FOURTEEN**

**THE GRAND JURY CHARGES THAT:**

At all times relevant to this indictment:

1. Defendant BONNIE SWEETEN, a/k/a "Bonnie Siner," a/k/a "Bonnie Rakoczy," was employed as a paralegal and office manager by the Law Office of D.C. ("the Law Office"), at 826 Bustleton Avenue, Suite 301, Lower Southampton Township, Pennsylvania. D.C., a person known to the grand jury, owned the Law Office, which specialized in plaintiff's personal injury law. D.C. and her husband owned the real property where the Law Office was located.

2. Defendant BONNIE SWEETEN had nearly full and exclusive control over the Law Office's finances, including the Law Office's operating and trust accounts. Defendant SWEETEN was responsible for depositing settlement checks issued by insurance carriers on clients' claims into the Law Office's trust account and disbursing settlement monies to clients. Defendant SWEETEN was also responsible for issuing payroll checks to Law Office employees and paying vendors and expert witnesses.

3. Defendant BONNIE SWEETEN had nearly full and exclusive control over the finances of her husband's landscaping business, L&B Lawn Maintenance, and its bank account ("the L&B account").

4. Defendant BONNIE SWEETEN defrauded the Law Office, its clients, its employees, and others by stealing approximately $700,000.

## THE SCHEME

5. From at least in or about November 2005 through in or about May 2009, defendant

**BONNIE SWEETEN,**
**a/k/a "Bonnie Siner,"**
**a/k/a "Bonnie Rakoczy,"**

devised and intended to devise a scheme to defraud and to obtain money and property by means of false and fraudulent pretenses, representations and promises.

## MANNER AND MEANS

6. It was part of the scheme that defendant BONNIE SWEETEN:

   a. stole from the Law Office's clients by depositing checks intended for them into the L&B account, or by depositing them into the Law Office's accounts and then

diverting the funds to the L&B account. Defendant SWEETEN then used these funds for her own personal expenses. When clients inquired about the status of their settlement checks, defendant SWEETEN falsely stated that their settlements had been delayed when, in fact, settlement checks had been issued and defendant SWEETEN had stolen the money;

    b. stole from the Law Office by: (i) writing checks to D.C. that appeared to be D.C.'s payroll checks and depositing these checks to the L&B account; (ii) writing checks to Law Office vendors and depositing them into the L&B account instead of giving them to vendors; and (iii) writing checks to herself and depositing them into the L&B account; and

    c. falsely claimed to be an attorney;

    d. concealed her receipt of the stolen funds by failing to report them on her tax returns for the years 2005 through 2008; and

    e. spent the stolen money on her own personal expenses, including, among other things, clothing, entertainment, jewelry, restaurants, tanning salons, gym usage, mortgage payments for her house, a trip to Atlantic City, furniture, electronics, medical services, and children's activities.

    7. It was further part of the scheme that, unbeknownst to D.C., defendant BONNIE SWEETEN obtained a loan secured by all personal property owned by D.C. Defendant SWEETEN, after defaulting on the loan repayments because she had stolen so much money that the Law Office did not have sufficient funds to operate, had to pay off the loan. To do so, defendant SWEETEN obtained a mortgage loan on the real property of the Law Office, without the knowledge or authorization of D.C. and D.C.'s husband, owners of the property.

8. Defendant BONNIE SWEETEN posed as D.C. at the settlement for the mortgage loan, presented a false power of attorney containing a forged signature of D.C.'s husband, and created and presented false identification in the name of D.C. with defendant SWEETEN's photograph on it. Defendant SWEETEN also forged D.C.'s signature on various closing documents and checks.

9. It was further part of the scheme that defendant BONNIE SWEETEN, to pay a client money due from a judgment she had previously misappropriated, stole money from a Vanguard investment account owned by V.B., a person known to the grand jury and defendant SWEETEN's elderly relative. Defendant SWEETEN, in October 2007, had obtained more than $160,000 intended for a client, never informed the client that she had received the funds, and stole the money and used it for defendant SWEETEN's personal expenses. When the client made repeated requests for the money between September and December 2008, defendant SWEETEN falsely stated that the money had not been issued, when, in fact, the award money was received a year earlier.

10. Eventually, in December 2008, defendant BONNIE SWEETEN wrote a check to the client for the client's share of the judgment. This check was funded by the money defendant SWEETEN stole from V.B. When V.B.'s relatives realized that the funds were missing from V.B.'s accounts, defendant SWEETEN falsely stated that the majority of the money was needed for bail because she had been arrested. Defendant SWEETEN also falsely stated that V.B. had given her money to establish trust accounts for V.B.'s great grandchildren.

11. When V.B.'s relatives insisted that defendant BONNIE SWEETEN return the money she had stolen, defendant SWEETEN falsely stated that her parents had planned to

refinance their home and would allow the proceeds to be used to repay V.B. Instead, defendant SWEETEN provided a check to V.B.'s relative's from an account she knew did not have sufficient funds to support the check.

        12. It was further part of the scheme that defendant BONNIE SWEETEN stole funds owned by D.C. and J.J. representing their pensions. Defendant SWEETEN obtained checks drawn on their pension accounts, forged their signatures, and deposited either the entire check or portion of the check into defendant SWEETEN's account. Defendant SWEETEN also obtained J.J.'s driver's license by falsely stating that she needed it to obtain a pension check.

        13. In May 2009, defendant BONNIE SWEETEN realized that her fraud scheme was about to be discovered due to inquiries by the Office of Disciplinary Counsel of the Pennsylvania Supreme Court into the Law Office's financial records and because the check used to repay V.B was not supported by sufficient funds. As a result, defendant SWEETEN fled to Florida. First, defendant SWEETEN falsely reported to authorities that she was kidnapped. Next, defendant SWEETEN posed as J.J. and used J.J.'s identification which she had obtained from J.J. under false pretenses. Defendant SWEETEN obtained airline tickets in the name of J.J., passed through airport security by falsely claiming to be J.J., and flew to Florida using these airline tickets.

### THE WIRES

        14. On or about the following dates, in the Eastern District of Pennsylvania and elsewhere, defendant

**BONNIE SWEETEN,**
**a/k/a "Bonnie Siner,"**
**a/k/a "Bonnie Rakoczy,"**

for the purpose of executing the scheme described above, caused to be transmitted, by means of wire communication in interstate commerce, the signals and sounds described below, which consisted of data about availability of funds transmitted via wire from Canada to the bank of defendant SWEETEN in the Eastern District of Pennsylvania, each transmission constituting a separate count:

| COUNT | FUNDS' OWNER | DATE | AMOUNT OF TRANSFER |
|---|---|---|---|
| One | D.C. | 4/9/07 | $6,109.37 |
| Two | D.C. | 5/25/07 | $1,087.76 |
| Three | W.T. | 10/4/07 | $10,000 |
| Four | M.D. | 5/1/08 | $2,262.82 |
| Five | A.V. | 5/13/08 | $1,500 |
| Six | T.P. | 6/13/08 | $15,000 |
| Seven | J.L. | 8/14/08 | $10,000 |
| Eight | Q.B. | 8/29/08 | $1,500 |
| Nine | V.B. | 9/5/08 | $3,000 |
| Ten | T.K. | 9/9/08 | $6,666 |
| Eleven | V.B. | 11/21/08 | $20,000 |
| Twelve | V.B. | 12/26/08 | $280,000 |
| Thirteen | C.D. | 1/23/09 | $20,000 |
| Fourteen | J.J. | 2/4/09 | $3,248.42 |

All in violation of Title 18, United States Code, Sections 1343, 1349, and 2.

## COUNT FIFTEEN

**THE GRAND JURY FURTHER CHARGES THAT:**

      1.      Paragraphs 1 through 13 of Counts One through Fourteen are incorporated here.

      2.      On or about September 21, 2006, in the Eastern District of Pennsylvania, and elsewhere, defendant

**BONNIE SWEETEN,**
**a/k/a "Bonnie Siner,"**
**a/k/a "Bonnie Rakoczy,"**

for the purpose of executing the scheme described above, and attempting to do so, and aiding and abetting its execution, knowingly caused to be delivered by commercial interstate carrier, that is, Federal Express, according to the directions thereon to Bank of America, a check in amount of $48,833.01 representing the proceeds of a loan fraudulently obtained by defendant SWEETEN.

All in violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT SIXTEEN

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about September 21, 2006, in the Eastern District of Pennsylvania, defendant

**BONNIE SWEETEN,**
**a/k/a "Bonnie Siner,"**
**a/k/a "Bonnie Rakoczy,"**

willfully and knowingly altered a passport, and used and attempted to use a false, forged, and counterfeited, or altered passport, or instrument purporting to be a passport issued under the authority of the United States, that is, defendant SWEETEN, used D.C.'s passport in which defendant SWEETEN replaced D.C.'s photograph with defendant SWEETEN's photograph.

In violation of Title 18, United States Code, Section 1543.

## COUNT SEVENTEEN

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about September 21, 2006, in the Eastern District of Pennsylvania, defendant

**BONNIE SWEETEN,**
**a/k/a "Bonnie Siner,"**
**a/k/a "Bonnie Rakoczy,"**

willfully and knowingly used and attempted to use a United States passport belonging to D.C. in violation of the conditions and restrictions therein contained and of the rules prescribed pursuant to the laws regulating the issuance of passports, in that defendant SWEETEN presented the passport of D.C. as a means of identification.

In violation of Title 18, United States Code, Section 1544.

## **COUNT EIGHTEEN**

**THE GRAND JURY FURTHER CHARGES THAT**:

On or about September 21, 2006, in the Eastern District of Pennsylvania, defendant

**BONNIE SWEETEN,**
**a/k/a "Bonnie Siner,"**
**a/k/a "Bonnie Rakoczy,"**

knowingly and without lawful authority possessed and used a means of identification of another person, that is, the driver's license and United States passport of D.C., during and in relation to mail fraud.

In violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNT NINETEEN

**THE GRAND JURY FURTHER CHARGES THAT**:

On or about April 8, 2009, in the Eastern District of Pennsylvania, defendant

**BONNIE SWEETEN,**
a/k/a "Bonnie Siner,"
a/k/a "Bonnie Rakoczy,"

knowingly and without lawful authority possessed and used, a means of identification of another person, that is, the name and signature of J.T.O., during and in relation to bank fraud.

In violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNT TWENTY

**THE GRAND JURY FURTHER CHARGES THAT**:

At all times relevant to this indictment:

1. Paragraphs One and Two of Counts One through Fourteen are incorporated here.

2. First National Bank & Trust ("FNBT"), in Newtown, Pennsylvania, was a financial institution the deposits of which were insured by the Federal Deposit Insurance Corporation at certificate number 7658.

3. The Law Office represented a minor in a case in Superior Court of New Jersey, Law Division, Ocean County, at Docket No. OCN-L-001139-03 in New Jersey. In the case, the judge, J.T.O, a person known to the grand jury, entered a judgment in favor of the minor and ordered that the proceeds of the judgment be held in trust for the minor until the minor reached the age of majority. The funds were placed in an account at FNBT.

4. Between on or about April 8, 2009 and on or about April 10, 2009, in the Eastern District of Pennsylvania and elsewhere, defendant

**BONNIE SWEETEN,**
**a/k/a "Bonnie Siner,"**
**a/k/a "Bonnie Rakoczy,"**

knowingly executed and attempted to execute, and aided and abetted the execution, of a scheme to defraud FNBT and to obtain money owned by and under the custody and control of the bank by means of false and fraudulent pretenses, representations and promises.

## THE SCHEME

It was part of the scheme that:

5. The minor's mother sought assistance from defendant BONNIE SWEETEN to withdraw some of the funds held in trust to pay tuition for the minor's schooling. Defendant SWEETEN falsely stated that she had requested and obtained authority from J.T.O. to use some of the funds to pay for the minor's schooling.

6. Defendant BONNIE SWEETEN created a fictitious order from J.T.O. dated April 8, 2009 purporting to permit the withdrawal of $20,000 from FNBT account to pay for the minor's schooling. Defendant SWEETEN forged J.T.O.'s signature on the fictitious order.

7. Defendant BONNIE SWEETEN caused the fictitious court order to be transmitted to FNBT. Thereafter, funds from the trust account in the amount of approximately $17,750 were withdrawn.

8. By this scheme, defendant BONNIE SWEETEN aided and abetted the fraudulent withdrawal of approximately $17,750 from the minor's trust account through false representations.

In violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT TWENTY-ONE

**THE GRAND JURY FURTHER CHARGES THAT**:

On or about May 26, 2009, in the Eastern District of Pennsylvania, defendant

**BONNIE SWEETEN,**
**a/k/a "Bonnie Siner,"**
**a/k/a "Bonnie Rakoczy,"**

in a matter within the jurisdiction of the United States Department of Homeland Security, Transportation Security Administration ("TSA"), an agency of the executive branch of the United States, knowingly and willfully made materially false, fictitious, and fraudulent statements and representations, and concealed and covered up by trick, scheme, and device a material fact, in that defendant SWEETEN stated to TSA officials at the Philadelphia International Airport that she was "J.J." and presented identification falsely stating that she was "J.J." which statements were false and concealed defendant SWEETEN's true identity.

In violation of Title 18, United States Code, Section 1001(a).

## COUNT TWENTY-TWO

**THE GRAND JURY FURTHER CHARGES THAT:**

    1.    Paragraphs One through Thirteen of Counts One through Fourteen are incorporated here.

    At all times material to this indictment:

    2.    On or about the date set forth below, in the Eastern District of Pennsylvania, and elsewhere, defendant

**BONNIE SWEETEN,**
**a/k/a "Bonnie Siner,"**
**a/k/a "Bonnie Rakoczy,"**

knowingly conducted, and attempted to conduct, and aided, abetted, and willfully caused, the following financial transactions affecting interstate commerce:

| COUNT | DATE | DESCRIPTION |
|---|---|---|
| 22 | 8/29/08 | Deposit of $2,500 in cash into the L&B account. |

    3.    When conducting, aiding, abetting, and willfully causing, the financial transactions described in paragraph 2 above, defendant SWEETEN knew that the property involved in that financial transaction represented the proceeds of some form of unlawful activity.

    4.    The financial transaction described in paragraph 2 above involved the proceeds of a specified unlawful activity, that is, wire fraud and mail fraud, in violation of Title 18, United States Code, Sections 1341 and 1343, and defendant SWEETEN acted with the knowledge that the transactions were designed, in whole and in part, to conceal and disguise the nature, location, source, ownership and control of the proceeds of the specified unlawful activity.

    All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNT TWENTY-THREE

**THE GRAND JURY FURTHER CHARGES THAT:**

    1.    Paragraphs One through Thirteen of Counts One through Fourteen are incorporated here.

    2.    On or about January 21, 2009, in the Eastern District of Pennsylvania, and elsewhere, defendant

**BONNIE SWEETEN,**
**a/k/a "Bonnie Siner,"**
**a/k/a "Bonnie Rakoczy,"**

knowingly engaged in, and attempted to engage in, and aided, abetted, and willfully caused, a monetary transaction affecting interstate commerce in criminally derived property of a value greater than $10,000, and such property was derived from a specified unlawful activity, that is, mail and wire fraud, in violation of Title 18, United States Code, Sections 1341 and 1343, in that defendant SWEETEN deposited a check in the amount of $20,000 written on the Law Office trust account and made out to "Bonnie Sweeten" into the L&B account.

    All in violation of Title 18, United States Code, Sections 1957(a) and 2.

## NOTICE OF <u>FORFEITURE</u>

**THE GRAND JURY FURTHER CHARGES THAT:**

    1.    As a result of the violations of Title 18, United States Code, Sections 1028A(a)(1), 1341, 1343, 1344, 1956(a)(1)(B)(i), and 1957(a), as set forth in this indictment, defendant

**BONNIE SWEETEN,**
a/k/a "Bonnie Siner,"
a/k/a "Bonnie Rakoczy,"

shall forfeit to the United States of America any property, real or personal, that constitutes or is derived from proceeds traceable to the commission of such offenses, including, but not limited to the sum of approximately $700,000.

    2.    If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the Court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property subject to forfeiture.

All pursuant to Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Sections 981(a)(1)(C) and 982.

**A TRUE BILL:**

_____
**GRAND JURY FOREPERSON**


_____
**ZANE DAVID MEMEGER**
**United States Attorney**