AO 245B    (Rev. 06/05) Judgment in a Criminal Case
           Sheet 1

# UNITED STATES DISTRICT COURT

    Eastern    District of    Pennsylvania

UNITED STATES OF AMERICA           **JUDGMENT IN A CRIMINAL CASE**
V.

BONNIE SWEETEN                     Case Number:    DPAE2:10CR000341-001
a/k/a "Bonnie Siner"
a/k/a "Bonnie Rakoczy"             USM Number:     67554-066

                                   Craig Kellerman, Esquire
                                   Defendant's Attorney

**THE DEFENDANT:**

X  pleaded guilty to count(s)    12 and 18 of the Indictment.

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☐ was found guilty on count(s) _____
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 U.S.C. § 1343; 1349; 2 | Wire Fraud; Aiding and Abetting | 2/4/2009 | 12 |
| 18 U.S.C. § 1028A(a)(1) | Aggravated Identity Theft | 9/21/2006 | 18 |

    The defendant is sentenced as provided in pages 2 through ___7___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

X Count(s)   1 - 11, 13 - 17, 19 - 23     ☐ is   X are dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

                                   1/26/12
                                   Date of Imposition of Judgment

                                   /s/ William H. Yohn Jr.
                                   Signature of Judge

                                   Hon. William H. Yohn Jr.
                                   Name and Title of Judge

                                   1/31/12
                                   Date

AO 245B     (Rev. 06/05) Judgment in Criminal Case
             Sheet 2 — Imprisonment

Judgment — Page __2__ of __7__

DEFENDANT:    BONNIE SWEETEN a/k/a "Bonnie Siner" "Bonnie Rakoczy"
CASE NUMBER:    10-341-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:    100 months

76 months on count 12 of the Indictment and 24 months on count 18 of the Indictment, to run consecutively, for a total term of imprisonment of 100 months. This sentence is consecutive to the prior sentence of the Bucks County Court of Common Pleas. Defendant came into federal custody on 6/25/10, so this sentence will be as of that day.

X    The court makes the following recommendations to the Bureau of Prisons:

that, unless defendant has paid his special assessment in full, it is recommended defendant not be released to any community based programs, in accordance to Bureau of Prisons policy, to serve a portion of defendant's incarceration. The Court further recommends that the Bureau of Prisons designates a facility to serve defendant's sentence as near to Philadelphia as practicable and Court will not object to her remaining at F.D.C. Philadelphia, if that is the decision of the Bureau of Prisons.

X    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:

     ☐   a _____   ☐ a.m.   ☐ p.m.   on _____ .

     ☐   as notified by the United States Marshal.

☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

     ☐   before 2 p.m. _____ .

     ☐   as notified by the United States Marshal.

     ☐   as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: BONNIE SWEETEN a/k/a "Bonnie Siner" "Bonnie Rakoczy"
CASE NUMBER: 10-341-1

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :   3 years

3 years on count 12 of the Indictment and 1 year on count 18 of the Indictment, to run concurrently, for a total term of supervised release of 3 years.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- ☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: BONNIE SWEETEN a/k/a "Bonnie Siner" "Bonnie Rakoczy"
CASE NUMBER: 10-341-1

## ADDITIONAL SUPERVISED RELEASE TERMS

1. The defendant shall pay the restitution and special assessment that remains unpaid at the time he is released from prison and adhere to the Court ordered installment basis.

2. The defendant shall refrain from the illegal possession and/or use of drugs and shall submit to urinalysis or other forms of testing to ensure compliance. It is further ordered that the defendant shall submit to drug treatment as approved by the Court after receiving a recommendation by the U.S. Probation Office. The defendant shall abide by the rules of any program and shall remain in treatment until satisfactorily discharged with the approval of the Court.

3. The defendant shall provide the U.S. Probation Office with full disclosure of her financial records to include yearly income tax returns upon the request of the U.S. Probation Office. The defendant shall cooperate with the probation officer in the investigation of her financial dealings and shall provide truthful monthly statements of her income.

4. The defendant shall participate in a mental health program for evaluation and/or treatment as approved by the Court after receiving a recommendation by the U.S. Probation Office. The defendant shall remain in treat until satisfactorily discharged with the approval of the Court.

5. As a further special condition of supervised release, the defendant is to refrain from obtaining employment in a human resources position or where her job duties involve access to sensitive financial information.

6. The defendant is prohibited from incurring any new credit charges or opening additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with a payment schedule for any fine or restitution obligation. The defendant shall not encumber or liquidate any assets unless it is in direct service of the fine or restitution obligation or otherwise has the express approval of the Court.

7. The defendant shall submit to an initial inspection by the U.S. Probation Office and to any examinations during supervision of the defendant's computer and any devices, programs, or application. The defendant shall allow the installation of any hardware or software systems which monitor or filter computer use. The defendant shall abide by the standard conditions of computer monitoring and filtering that will be approved by the Court. The defendant is to pay the cost of the computer monitoring not to exceed the monthly contractual rate, in accordance with the probation officer's discretion.

DEFENDANT: BONNIE SWEETEN a/k/a "Bonnie Siner" "Bonnie Rakoczy"
CASE NUMBER: 10-341-1

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 200.00 | $ n/a | $ 1,091,831.68 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Pennsylvania Lawyers Fund for Client Security<br>601 Commonwealth Avenue<br>Suite 5400<br>Harrisburg, PA 17120 | $478,904.89 | $478,904.89 | |
| Debbie Carlitz | $165,573.03 | $165,573.03 | |
| Fidelity National Title Ins. Company<br>Attn: Recoupment Dept., Claim #346630<br>601 Riverside Avenue, Building 5, 4th Floor<br>Jacksonville, FL 32204 | $125,000.00 | $125,000.00 | |
| Victor Biondino | $83,000.00 | $83,000.00 | |
| Wells Fargo Law Department<br>Attn: Mark E. Buechner, Esquire<br>301 South Charlotte Street, 30th Floor<br>Charlotte, NC 28202-2000 | $75,000 | $75,000 | |
| **TOTALS** | $ continued on page 6 | $ continued on page 6 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the  ☐ fine  ☐ restitution.

  ☐ the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: BONNIE SWEETEN a/k/a "Bonnie Siner" "Bonnie Rakozcy"
CASE NUMBER: 10-341-1

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| T.D. Bank<br>Attn: Kevin Burke, VP, Senior Counsel<br>Ref: Biondino/Sweeten<br>1701 Route 70 East<br>Cherry Hill, NJ 08034 | $75,000.00 | $75,000.00 | |
| The Vanguard Group<br>Attn: William Matysik, Senior Fraud Investigator<br>P.O. Box 2600 A32<br>Valley Forge, PA 19482-2600 | $50,000.00 | $50,000.00 | |
| Chante Douglas | $13,200.00 | $13,200.00 | |
| John Lancieri | $10,000.00 | $10,000.00 | |
| Gelt Properties, LLC<br>Public Savings Bank<br>2755 Philmont Avenue<br>Huntingdon Valley, PA 19006 | $7,914.94 | $7,914.94 | |
| Eileen Cucinotta | $4,000.00 | $4,000.00 | |
| Jillian Jenkinson | $3,248.82 | $3,248.82 | |
| Quinette Bonapart | $990.00 | $990.00 | |
| **TOTALS** | $1,091,831.68 | $1,091,831.68 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: BONNIE SWEETEN a/k/a "Bonnie Siner" "Bonnie Rakoczy"
CASE NUMBER: 10-341-1

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A** ☒ Lump sum payment of $ __200.00__ due immediately, balance due

  ☐ not later than _____ , or
  ☐ in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties:

The total amount of the loss related to the offenses of conviction is $1,091,831.68. Defendant is liable for full restitution under the law. Defendant has no net worth individually and could realize nothing from the sale of assets. Defendant can realistically earn, if employed while in prison, $300 a year of which $100 can be paid into Court. Defendant can realistically earn a total of $2000 per month while on supervision, at least $200 of which can be paid into Court based upon the financial needs of the defendant and her dependants.

Court recommends that defendant participate in the Bureau of Prison's Inmate Financial Responsibility Program and pay a minium of $25 per quarter toward the restitution. In addition, the payment toward the balance of restitution will be made in installments commencing 60 days after her release. In the event the entire amount of restitution is not paid prior to the commencement of supervision, U.S. Probation shall pursue the collection of the amount due and request from the Court to establish a payment schedule, if appropriate.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

  Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.