PROB 12
(Rev. 10/93)

# United States District Court

for the

### Eastern District of Pennsylvania

May 4, 2018

U.S.A. vs. Bonnie Sweeten                                    Case No. 10CR000341-001

## VIOLATION OF SUPERVISED RELEASE

COMES NOW Nicole Seader U. S. PROBATION OFFICER OF THE COURT presenting an official report upon the conduct and attitude of Bonnie Sweeten who was placed on supervised release by The Honorable William H. Yohn, Jr., sitting in the Court at Philadelphia, PA, on the 26th day of January 2012, who fixed the period of supervision at three years, and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

| | |
|---|---|
| ORIGINAL OFFENSE: | Wire fraud aiding and abetting (Count 12); Aggravated identity theft (Count 18). |
| ORIGINAL SENTENCE: | The defendant was committed to the custody of the U.S. Bureau of Prisons for 76 months on Count 12, and 24 months on Count 18, to run consecutively, for a total term of 100 months, followed by three years supervised release. A $200.00 special assessment fee was imposed and due immediately. |
| SPECIAL CONDITIONS: | The defendant shall pay restitution in the amount of $1,091,831.68, in monthly installments of at least $200.00; 2) The defendant shall refrain from the illegal possession and/or use of drugs and shall submit to urinalysis or other forms of testing to ensure compliance. It is further ordered that the defendant shall submit to drug treatment as approved by the Court after receiving a recommendation by the U.S. Probation Office. The defendant shall abide by the rules of the program and shall remain in treatment until satisfactorily discharged with the approval of the Court; 3) The defendant shall provide the U.S. Probation Office with full disclosure of her financial records to include yearly income tax returns upon the request of the U.S. Probation Office. The defendant shall cooperate with the probation officer in the investigation of her financial dealings and shall provide truthful monthly statements of her income; 4) The defendant shall participate in a mental health program for evaluation and/or treatment as approved by the Court after receiving a recommendation by the U.S. Probation Office. The defendant shall remain in treatment until satisfactorily discharged with the approval of the Court; 5) As a further special condition of supervised release, the defendant is to refrain from obtaining |

**RE:** Sweeten, Bonnie
**Case No.** 2:10CR000341-001

employment in a human resources position or where her job duties involve access to sensitive financial information; 6) The defendant is prohibited from incurring any new credit charges or opening additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with a payment schedule for any fine or restitution obligation. The defendant shall not encumber or liquidate interest in any assets unless it is in direct service of the fine or restitution obligation or otherwise has the express approval of the Court; and 7) The defendant shall submit to an initial inspection by the U.S. Probation Office and to any examinations during supervision of the defendant's computer and any devices, programs, or applications. The defendant shall allow the installation of any hardware or software systems which monitor or filter computer use. The defendant shall abide by the standard conditions of computer monitoring and filtering that will be approved by the Court. The defendant is to pay the cost of the computer monitoring not to exceed the monthly contractual rate, in accordance with the probation officer's discretion.

**JUDICIAL REASSIGNMENT:** On November 18, 2016, the defendant's case was reassigned to the calendar of the Honorable Harvey Bartle III.

**DATE SUPERVISION COMMENCED:** September 28, 2016

**DATE SUPERVISION TERMINATES:** September 27, 2019

The above probation officer has reason to believe that the probationer has violated the terms and conditions of her supervision under such circumstances as may warrant revocation. These conditions are:

A.  General Condition: The defendant shall not commit another federal, state or local crime.

According to Criminal Complaint prepared by the Central Bucks Police Department, on Thursday, April 19, 2018, the police responded to ACME Markets located at 480 N. Main Street, Doylestown, Pennsylvania for a retail theft in progress. An employee at the ACME who witnessed the theft saw Bonnie Sweeten, also known as Bonnie Rakocyz, place items in her purse then leave the store without paying for them. Ms. Rakocyz was observed with 16 greeting cards worth $125.07, and two bundles of grapes worth $7.18. All of the items are worth a total of $132.25.

**RE:** Sweeten, Bonnie
**Case No.** 2:10CR000341-001

Ms. Rakocyz was arrested and charged with retail theft-taking merchandise, and receiving stolen property both misdemeanors. A preliminary hearing is scheduled for May 21, 2018.

**GRADE OF VIOLATION**                                                                                  <u>C</u>

B.  <u>Standard Condition #2:</u> The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month.

On May 3, 2018, this officer conducted a home visit. There was no response. This officer left a note instructing Ms. Sweeten to report to the U.S. Probation Office on Friday, May 4, 2018, at 9:30 a.m. This officer also left a message at a family member's residence that is located behind Ms. Sweeten's residence.

On May 3, 2018, it was learned by the probation officer that the defendant was reported missing by her family members and she was entered into the National Crime Information Center (NCIC) as a missing person.

On May 4, 2018, this officer visited Ms. Sweeten's residence in the morning and notice that the note previously left on the front door was missing and all of the lights in the residence were on. Her vehicles and dogs were not present. To date her whereabouts remain unknown.

**GRADE OF VIOLATION**                                                                                  <u>C</u>

C.  <u>Standard Condition #9:</u> The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

On April 25, 2018, Case Manager Alexendria Hedrick from Federal Prison Camp-Alderson, emailed this officer with regards to an inmate's registration form she was reviewing for inmate Trelliny Turner. Ms. Hedrick had reason to believe that the personal identifiers and information on the application were false and she forwarded the documents to the probation office for review.

On May 1, 2018, those visitation applications were reviewed by the probation officer it appears to be the defendant's handwriting on the visitation application. Further investigation revealed that the defendant and Ms. Turner were former cell mates while incarcerated at Federal Correctional Institute-Tallahassee.

During an office visit on May 2, 2018, when confronted with the application, the defendant reported that she was "only seeking crafts" from Ms. Turner and had no intentions of visiting her if approved. It should be noted that the defendant's daughter, Julie Rakoczy, also submitted an application to visit Ms. Turner. The defendant refused to answer any questions as to why her daughter submitted an application.

3

**RE:** Sweeten, Bonnie
**Case No.** 2:10CR000341-001

    **GRADE OF VIOLATION** <u>**C**</u>

D. <u>Standard Condition #11:</u> The defendant shall notify the probation officer within 72 hours of being arrested by a law enforcement officer.

    The defendant failed to inform the probation officer that she had been arrested on April 19, 2018.

    **GRADE OF VIOLATION** <u>**C**</u>

E. <u>Special Condition #7:</u> The defendant shall submit to an initial inspection by the U.S. Probation Office and to any examinations during supervision of the defendant's computer and any devices, programs, or applications. The defendant shall allow the installation of any hardware or software systems which monitor or filter computer use. The defendant shall abide by the standard conditions of computer monitoring and filtering that will be approved by the Court. The defendant is to pay the cost of the computer monitoring not to exceed the monthly contractual rate, in accordance with the probation officer's discretion.

    On November 22, 2016, Ms. Sweeten signed the Computer Monitoring Standard Conditions form which prohibits her from having a smartphone.

    During an office visit on May 2, 2018, the defendant was confronted by the probation officer monitoring her internet usage with having dormant activity since September, 2017. The defendant admitted that she has been utilizing the internet via a smartphone and her computer at work. When questioned, she stated that she fully understood she was not permitted to use either or even be in possession of a smartphone. At that time, she voluntary surrendered the smartphone to the probation officer.

    **GRADE OF VIOLATION** <u>**C**</u>

**RE:** Sweeten, Bonnie
**Case No.** 2:10CR000341-001

PRAYING THAT THE COURT WILL ORDER...   **THE ISSUANCE OF A WARRANT DIRECTING THAT THE NAMED SUPERVISED RELEASEE BE ARRESTED AND BROUGHT BEFORE THE COURT FOR A REVOCATION HEARING.**

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully,

Derrick R. Luby
Supervising U.S. Probation Officer

Place   Philadelphia, PA
Date    May 4, 2018

NES
cc:   Assistant U.S. Attorney
      Defense Attorney
      U.S. Marshals - Warrant Squad


ORDER OF THE COURT
Considered and ordered this **4th** day of **May**, 20**18** and ordered filed and made part of the records in the above case.

U. S. District Court Judge

**INFORMATION SHEET FOR REVOCATION OF SUPERVISION**

| | |
|---|---|
| **United States of America** ) | Case No. 2:10-CR-000341-001 |
| vs. ) | |
| Bonnie Sweeten ) | |

Defendant's last known Address and Telephone No.

3722 Moosehead Avenue
Trevose, PA 19053
267-574-5442- cellular phone

Defendant's in custody at:

NA

Defendant's last known Counsel, Address and Telephone number:

James J. McHugh, Esquire
Suite 540 West
The Curtis Center Building
Independence Square West
Philadelphia, PA 19106
215-928-1100-office

Assistant U.S. Attorney:
Street Address:
City and State:
Telephone No.:

Denise S. Wolf, Esquire
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
215-861-8662-office

Other Information:

On May 3, 2018, a family member reported Ms. Sweeten as a missing person to the National Crime Information Center (NCIC)

for Nicole Seader
U.S. Probation Officer
Telephone No. 267-299-4531