# United States District Court

for the

## Eastern District of Pennsylvania

June 4, 2018

U.S.A. vs. Bonnie Sweeten                    Case No. 2:10CR000341-001

### AMENDED VIOLATION OF SUPERVISED RELEASE

COMES NOW Nicole Seader U. S. PROBATION OFFICER OF THE COURT presenting an official report upon the conduct and attitude of Bonnie Sweeten who was placed on supervised release by the Honorable William H. Yohn sitting in the Court at Philadelphia, PA, on the 26th day of January 2012, who fixed the period of supervision at three years, and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

| | |
|---|---|
| ORIGINAL OFFENSE: | Wire fraud aiding and abetting (Count 12); aggravated identity theft (Count 18). |
| ORIGINAL SENTENCE: | The defendant was committed to the custody of the U.S. Bureau of Prisons for 76 months on Count 12 and 24 months on Count 18, to run consecutively, for a total term of 100 months, followed by three years supervised release. A $200.00 special assessment fee was imposed and due immediately. |
| SPECIAL CONDITIONS: | The defendant shall pay restitution in the amount of $1,091,831.68 , in monthly installments of at least $200.00; 2) The defendant shall refrain from illegal possession and/or use of drugs and shall submit to urinalysis or other forms of testing to ensure compliance. It is further ordered that the defendant shall submit to drug treatment as approved by the Court after receiving a recommendation by the U.S. Probation Office. The defendant shall abide by the rules of the program and shall remain in treatment until satisfactorily discharged with the approval of the Court; 3) The defendant shall provide the U.S. Probation Office with full disclosure of her financial records to include yearly income tax returns upon the request of the U.S. Probation Office. The defendant shall cooperate with the probation officer in the investigation of her financial dealings and shall provide truthful monthly statements of her income; 4) The defendant shall participate in a mental health program for evaluation and/or treatment as approved by the Court after receiving a recommendation by the U.S. Probation Office. The defendant shall remain in treatment until satisfactorily discharged with the approval of the Court; 5) As a further special condition of supervised release, the defendant is to refrain from obtaining employment in a human resources |

position or where her job duties involve access to sensitive financial information; 6) The defendant is prohibited from incurring any new credit charges or opening additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with a payment schedule for any fine or restitution obligation. The defendant shall not encumber or liquidate interest in any assets unless it is in direct service of the fine or restitution obligation or otherwise has the express approval of the Court; and 7) The defendant shall submit to an initial inspection by the U.S. Probation Office and to any examinations during supervision of the defendant's computer and any devices, programs, or applications. The defendant shall allow the installation of any hardware or software systems which monitor or filter computer use. The defendant shall abide by the standard conditions of computer monitoring and filtering that will be approved by the Court. The defendant is to pay the cost of the computer monitoring not to exceed the monthly contractual rate, in accordance with the probation officer's discretion.

JUDICIAL
REASSIGNMENT:          On November 18, 2016, the defendant's case was reassigned to the calendar of the Honorable Harvey Bartle, III.

DATE SUPERVISION
COMMENCED:          September 18, 2016

DATE SUPERVISION
TERMINATES:          September 27, 2019

The above probation officer has reason to believe that the supervised releasee has violated the terms and conditions of their supervision under such circumstances as may warrant revocation. These conditions are:

F.  Standard Condition #2: The defendant shall report to the probation
    officer and shall submit a truthful and complete written report within the
    first five days of each month.

    The defendant submitted monthly supervision reports for the months of
    September 2017, October 2017, November 2017, December 2017,
    January 2018, February 2018, and March 2018. Those reports included
    false information about the position and title Ms. Sweeten held at Carp
    Excavating. She listed her employment as "personal assistant" when she
    was the office manager and had access to Carp Excavating financial
    accounts. In addition, for the months of November 2017, through March
    2018, Ms. Sweeten failed to indicate that she purchased a 2014 Ford
    F-150.

    **GRADE OF VIOLATION**                                    <u>**C**</u>

G.  Special Condition #6: The defendant is prohibited from incurring any
    new credit charges or opening additional lines of credit without the
    approval of the probation officer, unless the defendant is in compliance
    with a payment schedule for any fine or restitution obligation. The
    defendant shall not encumber or liquidate interest in any assets unless it
    is in direct service of the fine or restitution obligation or otherwise has
    the express approval of the Court.

    On November 25, 2017, the defendant financed a 2014 Ford F-150
    through Fred Beans Automotive group located in Doylestown,
    Pennsylvania. The defendant financed a total of $60,577.84, with
    monthly payments of $827.47. She failed to obtain permission from this
    officer to the purchase the vehicle.

    **GRADE OF VIOLATION**                                    <u>**C**</u>

H.   Special Condition #5: The defendant is to refrain from obtaining employment in a human resources position where her job duties involve access to sensitive financial information.

The defendant represented to the probation officer that she was employed as a "personal assistant" for Carp Excavating. The defendant submitted monthly supervision reports confirming the above statement. During an interview on May 4, 2018, Jeff Carp, owner of Carp Excavating, reported to the probation officer that he hired the defendant in September 2017, to be his office manager and controller. Mr. Carp further explained that he was fully aware of the defendant's criminal history. Ms. Sweeten was in charge of all of the day to day operations for Mr. Carp, including payroll and bill paying for Carp Excavating. Mr. Carp adamantly denied ever employing the defendant as a personal assistant and or ever providing her with a "work vehicle". It should be noted that Mr. Carp made the defendant an authorized user on his Carp Excavating credit card accounts, so she could make work related purchase orders only.

**GRADE OF VIOLATION**                                                    **C**

RE: Sweeten, Bonnie
Case No. 2:10CR000341-001

PRAYING THAT THE COURT WILL ORDER...    **THAT THIS PETITION BE MADE AN ADDENDUM TO THE VIOLATION PETITION SIGNED BY THE COURT ON MAY 4, 2018**

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully,

Derrick R. Luby
Supervising U.S. Probation Officer

Philadelphia, PA
Date June 4, 2018

NES

cc: Assistant U.S. Attorney
     Defense Attorney

ORDER OF THE COURT
Considered and ordered this ____7th____
day of ____June____, 20_18_
and ordered filed and made part of the
records in the above case.

U.S. District Court Judge Harvey Bartle, III.

Certified Copy to Probation